# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**TALMADGE D. BAXTER**                                                                              **PLAINTIFF**

**v.**                                                                          **Civil Action No. 3:12-CV-22-M**

**THE CITY OF HERNANDO, MISSISSIPPI**                                                               **DEFENDANT**

## MEMORANDUM OPINION

This matter was tried on January 22, 2014. After consideration of arguments made by counsel during trial, witness testimony, and the record before the court, the court is now prepared to rule.

Talmadge Baxter was cited for violating a city code ordinance of Hernando, Mississippi after he was warned by city officials to remove a trailer that acted as a quasi-billboard on his property. Baxter brings this action under 42 U.S.C. § 1983 challenging the ordinance as unconstitutional as applied to him, facially overbroad and void for vagueness and requests declaratory and injunctive relief declaring that the ordinance violates his First and Fourteenth Amendment rights and seeking to enjoin the City of Hernando from enforcing the ordinance.

The ordinance at issue states the following types of signs are prohibited in Hernando:

> Signs attached to, suspended from or painted on any vehicle which is regularly parked on any street or private property to display [sic] demonstrate, advertise or attract the attention of the public.

Article XI, Section F, Paragraph 3 of the Zoning Ordinances of the City of Hernando.

Baxter failed to appear at his scheduled hearing regarding the violation of the zoning ordinance, and therefore the ordinance violation and a Criminal Contempt of Court- Failure to Appear charge were both heard in Municipal Court on June 16, 2010. The Hernando Municipal Court found Mr. Baxter in violation of the sign ordinance and fined him $246.50. The trial judge

determined that the term "vehicle" was not unconstitutionally vague in violation of his rights under the First and Fourteenth Amendments to the United States Constitution.

Mr. Baxter appealed his violation and contempt conviction to the County Court of DeSoto County.

On February 28, 2012, the appeal was heard and County Court Judge Allen Couch affirmed that Mr. Baxter violated the sign ordinance and fined him $250.00 plus all court costs from Hernando Municipal Court and the County Court of DeSoto County. Baxter was represented by counsel during his appeal to the County Court. No further appeals were taken.

Baxter filed the complaint in this matter on February 27, 2012, one day before his appeal was heard in DeSoto County Court. Different counsel represented Baxter in the appeal and the filing of his federal complaint. The complaint, however, was used as an exhibit in Baxter's argument to Judge Couch.

Defendant in this action moved for summary judgment, and after briefing the parties agreed to have this matter adjudicated in a non-jury trial. At trial, the plaintiff did not put on proof, but stood on his previous arguments. Defendant called Mayor Johnson to testify, but also repeated its argument that this matter should be precluded in this court.

Defendant argues that the Supreme Court's decision in *Heck v. Humphrey* and the *Rooker–Feldman* doctrine both bar the plaintiff's claims. *See Heck v. Humphrey*, 512 U.S. 477, 486-487, 114 S. Ct. 2364, 129 L. Ed. 2d 383, (1994); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The court now addresses each argument in turn.

The Supreme Court held in *Heck* that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or

> sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. 477, at 486-87.

Plaintiff argues that *Heck* is inoperable on the set of facts in this particular case because Mr. Baxter's facial challenges do not require an actual conviction and the violation "should be typified as civil, or, at best quasi-criminal in nature." However, if this court ruled the ordinance unconstitutional, which it does not, that would have the effect of invalidating Baxter's conviction in state court.

The *Rooker-Feldman* doctrine holds that lower federal courts should not sit in direct review of state court decisions unless permitted by Congress.

*Rooker–Feldman* is confined to cases brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

When there is parallel state and federal litigation, as was the situation when the instant action was filed, *Rooker–Feldman* is not triggered simply by the entry of judgment in state court. The Supreme Court has held that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Exxon Mobil.*, 544 U.S. at 292 (internal citations omitted).

In *Exxon Mobil,* the Supreme Court narrowed the reach of the doctrine by stating: "*Rooker–Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." *Id.* at 284.

Both *Rooker–Feldman* and preclusion "define the respect one court owes to an earlier judgment. But the two are not coextensive." *GASH Assoc. v. Village of Rosemont,* 995 F.2d 726, 728 (7th Cir.1993).

"Preclusion, of course, is not a jurisdictional matter. See Fed. Rule Civ. Proc. 8(c) (listing res judicata as an affirmative defense). In parallel litigation, a federal court may be bound to recognize the claim- and issue-preclusive effects of a state-court judgment…" *Exxon Mobil,* at 293.

When a prior case has been adjudicated in a state court, federal courts are statutorily required to give it preclusive effect under 28 U.S.C. § 1738. *Edmundson v. Borough of Kennett Square,* 4 F.3d 186, 189 (3d Cir.1993). "[Section 1738] has long been understood to encompass the doctrines of *res judicata,* or 'claim preclusion,' and collateral estoppel, or 'issue preclusion.'" *San Remo Hotel, L.P. v. City & County of San Francisco,* 545 U.S. 323, 336, 125 S.Ct. 2491, 162 L.Ed.2d 315 (2005) (internal citations omitted).

Section 1738 applies equally to Section 1983 actions. "[T]he legislative history of § 1983 does not in any clear way suggest that Congress intended to repeal or restrict the traditional doctrines of preclusion." *Allen v. McCurry,* 449 U.S. 90, 98, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). "[M]uch clearer support than this would be required to hold that § 1738 and the traditional rules of preclusion are not applicable to § 1983 suits." *Id.* at 99.

Federal courts, therefore, must give preclusive effect to state-court judgments whenever the courts of the state from which the judgment emerged would do so. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982); *Allen v. McCurry*, 449 U.S. 90. "[R]es judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Id.* (citing *Younger v. Harris*, 401 U.S. 37, 43–45, 91 S.Ct. 746, 750–51, 27 L.Ed.2d 669).

A state's judicial "proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law." *Kremer,* 456 U.S. 461 at 481.

Section 1738 "commands a federal court to accept the rules chosen by the State from which the judgment is taken." *Id*. at 482 (citing *McElmoyle v. Cohen*, 13 Pet. 312, 326, 10 L.Ed. 177 (1839); *Mills v. Duryee*, 7 Cranch 481, 485, 3 L.Ed. 411 (1813)).

Under Mississippi law "[w]hen collateral estoppel is applicable, the parties will be precluded from relitigating a specific issue actually litigated, determined by, and essential to the judgment in a former action, even though a different cause of action is the subject of the subsequent action." *Dunaway v. W.H. Hopper & Assocs., Inc.,* 422 So.2d 749, 751 (Miss.1982) (internal citations omitted). "[C]ollateral estoppel, unlike the broader doctrine of res judicata, applies only to questions actually litigated in a prior suit, and not to questions which might have been litigated." *Id*.

Generally, four identities must be present before the doctrine of res judicata will be applicable in Mississippi: (1) identity of the subject matter of the action, (2) identity of the cause of action, (3) identity of the parties to the cause of action, and (4) identity of the quality or character of a person against whom the claim is made. *Marcum v. Mississippi Valley Gas Co., Inc.*, 672 So. 2d 730, 732 (Miss. 1996) (finding that collateral estoppel did not apply).

Although Mississippi courts have held that collateral estoppel must be applied cautiously on an ad hoc basis in order to preserve the critical component of due process, and the facts of each case should be perused in order to determine whether the issue was fully and fairly tried, Mississippi law dictates that Baxter is barred from relitigating his claims. *See Marcum at 732; McCoy v. Colonial Baking Co., Inc.,* 572 So.2d 850, 854 (Miss.1990); *Jordan v. McKenna,* 573 So.2d 1371, 1375 (Miss.1990).

The issues raised in Baxter's complaint were litigated, determined, and essential to the state court decisions. The proceedings in state court also satisfied the minimum procedural requirements of due process.

Pursuant to § 1738 plaintiff's claims must be dismissed. The parties in both the federal and state proceedings are Baxter and the City of Hernando. Baxter challenges the constitutionality of the city ordinance in his federal complaint, as he did in state court. The same claim Baxter now brings in this court was the exact claim Baxter litigated unsuccessfully in state court. This court finds that the Hernando Municipal Court and the County Court of DeSoto County were courts of competent jurisdiction.

For the reasons stated above, this cause must be dismissed. Each party shall bear their own fees and costs associated with this action. Accordingly, a separate order shall be issued pursuant to Fed. R. Civ. P. 58.

SO ORDERED, this the 28th day of January, 2014.

>**/s/ MICHAEL P. MILLS**
>**CHIEF JUDGE**
>**UNITED STATES DISTRICT COURT**
>**NORTHERN DISTRICT OF MISSISSIPPI**